UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TASCHA RENIK MCCURTY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-CV-201-GSL |

**OPINION AND ORDER**

On April 25, 2025, Plaintiff filed a complaint appealing the Commissioner's unfavorable final decision denying J.U.H. benefits. [DE 1]. On March 5, 2026, this Court referred the matter to Magistrate Judge Andrew Teel for a report and recommendation. [DE 27]. Magistrate Judge Teel issued his report and recommendation on April 20, 2026. [DE 28]. Plaintiff filed objections to the report and recommendation on May 4, 2026. [DE 29]. The Commissioner responded to these objections on May 8, 2026. [DE 30]. Having reviewed the briefing and underlying social security administrative record, the Court is ready to rule on, and resolve, Plaintiff's objections.

*Background*

Plaintiff applied for child J.U.H.'s supplemental security income ("SSI") in November 2022, alleging disability as of November 1, 2022. [DE 8, Page 36]. Plaintiff's claim was denied initially and upon reconsideration. [*Id.*, Page 6, 33, 36-45]. On January 9, 2024, administrative law judge ("ALJ") Alice Blackmore conducted an administrative hearing, at which Plaintiff, who was represented by counsel, testified. [*Id.* at 67-94]. On March 27, 2024, the ALJ rendered an unfavorable decision to Plaintiff, concluding that J.U.H. was not disabled because she did not meet, medically equal, or functionally equal a listing by having either "marked" limitations in

two domains of childhood functioning or an "extreme" limitation in one domain of childhood functioning. [*Id*. at 45]. The Appeals Council denied Plaintiff's request for review [*Id*. at 6-11], at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481. On April 25, 2025, Plaintiff filed a complaint appealing the Commissioner's final decision. [DE 1].

*Legal Standard*

Generally, the Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Cooper v. Berryhill*, 244 F. Supp. 3d 824, 826-827 (S.D. Ind. 2017) (citing *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2015)). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001)). An ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994)). In other words, the ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines her conclusions, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012)). The scope of review is confined to the rationale offered by the ALJ. *Cooper*, 244 F. Supp. 3d at 826-827. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

Here, a magistrate judge issued a report and recommendation as to Plaintiff's appeal of the Commissioner's decision, some of which Plaintiff objected to. When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district judge

reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b). A district court judge may fulfill this obligation simply by "inform[ing] [this court] that he has conducted a *de novo* review." *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022) (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). The district judge "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the [judge] may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *Cooper*, 244 F. Supp. 3d at 826-827. *See Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009).

*Discussion*

Plaintiff first objects to the report and recommendation because the report "fails to acknowledge the lack of a logical bridge between the evidence the ALJ recites and the ALJ's conclusion." [DE 29 at 4]. More specifically, Plaintiff objects to the report and recommendation because it found that the ALJ adequately considered the evidence in assessing J.U.H.'s functional limitations due to its "mention[ing]" of individual pieces of evidence without providing a proper explanation of that evidence, including J.U.H.'s teacher's questionnaire, J.U.H.'s school records and IEP, and J.U.H.'s mother's testimony. [*Id.* at 5]. Plaintiff also takes issue with the ALJ's finding that J.U.H. is less limited than alleged because the mother's testimony and statements from teachers, when compared to the overall medical and evidentiary record, did not warrant greater limitations. [*Id.* at 4]. However, in multiple sections of the ALJ's decision, the ALJ discussed how the mother's testimony and statements from teachers were less persuasive than the objective conclusions of the medical and evidentiary records, so it would

appear to the Court that the ALJ did create a logical bridge from the evidence to her conclusion. [DE 8, Pages 42-45].

Next, Plaintiff objects to the report and recommendation's finding that the ALJ did not err in assessing J.U.H.'s teacher's report as to her limitations in Domain Two. [DE 29 at 5]. Plaintiff argues that the ALJ failed to explain why the teacher's observed limitations does not support greater limitations, and that by failing to consider the combined effects of all J.U.H.'s medically determinable impairments, the ALJ did err. [*Id.* at 6]. The Court disagrees with Plaintiff's assessment.

Plaintiff cites no caselaw in support of their assertion that the ALJ must explain their reasoning more than they did. Domain 2 is "Attending/Completing Tasks." [DE 8 at 42]. The ALJ found that J.U.H. had the following severe impairments: "Sickle Cell Trait; Borderline Intellectual Functioning; Attention Deficit Hyperactivity Disorder (ADHD); and a Speech and Language Impairment (Exhibits 4E; 5E; 6E; 1F to 9F). (20 CFR 416.924(c))." [*Id.*]. Within the Domain 2 section, the ALJ cites to evidence involving each of those impairments. The ALJ cites to Exhibits 2A (Disability Determination 03-29-2023), 3A (Disability Determination 08-17-2023), 1E (Function Report, Child Age 3 to 6 by Mother) and 4E (Individualized Education Plan from Fort Wayne Community Schools). [*Id.*]. Exhibits 2A and 3A discuss each of the impairments identified by the ALJ. [*Id.* at 96-108]. Exhibit 1E is Plaintiff's own assessment of J.U.H.'s limitations in completing tasks. [*Id.* at 217-224]. Finally, Exhibit 4E describes the accommodations J.U.H. requires in school to complete tasks and includes reports from J.U.H.'s teacher. [*Id.* at 234-256]. By referencing these exhibits, it appears to the Court that the ALJ did in-fact consider the impact of each of J.U.H.'s functional limitations, both individually and in combination with each other, when analyzing limitations in Domain 2.

Plaintiff then objects to the report and recommendation because it failed to engage with Plaintiff's Step Three argument, that when appropriately considered, Plaintiff's combined conditions meet or medically equal Listing 112.11. [DE 29 at 6]. Plaintiff argues that the ALJ's conclusions did not explain why the "the evidence documenting attention deficits, distractibility, and academic limitations did not satisfy the listing criteria." [*Id.* at 7]. Plaintiff asks this Court to "enforce the ALJ's obligation to evaluate the evidence by providing more than a naked assertion that the 'record does not support' the presence of the required elements of the Listing." [*Id.*].

A review of the ALJ's Decision shows that the ALJ did explain her decision and did evaluate the evidence adequately. Finding No. 5 states that "[J.U.H.] does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a)." [DE 8 at 38]. Following this finding, the ALJ then spends multiple pages explaining and discussing how J.U.H.'s impairments do not meet or medically equal the listing. [*Id.* at 39-43]. More specifically, the ALJ explains the decision as it relates to the evidence documenting attention deficits, distractibility, and academic limitations. [*Id.* at 40-42]. For these reasons, the Court disagrees with Plaintiff's assertion that the ALJ provided only a "naked assertion" that the record did not support the presence of the required elements of the listing.

Similar to the previous objection, Plaintiff's final objection to the report and recommendation is based upon the fact that, in their opinion, J.U.H.'s condition functionally equals a listed impairment. [DE 29 at 8]. Plaintiff argues that the ALJ's finding that J.U.H. had a less than marked limitation in acquiring and using information, attending and completing tasks, and health and physical well-being, was not supported by the evidence, and that the report and recommendation failed to address analytical deficiencies identified in Plaintiff's arguments. [*Id.*

at 9]. It appears that Plaintiff is referring to the arguments in her opening brief, where Plaintiff argues that the ALJ "ignored significant evidence undermining her determination in this domain, which assesses 'how well [J.U.H.] acquires or learns information, and how well [she] use[s] the information [she] ha[s] learned.'" [DE 15, Page 16]. But Plaintiff does not identify which evidence, *specifically*, was ignored. From the Court's point of view, and having reviewed the ALJ's decision, the ALJ's decision appears to be based on substantial evidence. *See Cooper*, 244 F. Supp. 3d at 826-827 (citing *Dixon*, 270 F.3d at 1176). The Court also notes that an ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Herron*, 19 F.3d at 333). In other words, the ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines her conclusions, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012)). Because Plaintiff does not identify what evidence was ignored, and because by this Court's own assessment the ALJ evaluated the relevant evidence, Plaintiff's argument here fails. Plaintiff's other arguments regarding the ALJ's assessment that J.U.H.'s condition does not functionally equal a listed impairment would require this Court to reweigh the evidence, which is contrary to well-settled case law on the standard of review for Social Security appeals. *Reynolds v. Kijakazi*, 25 F.4th 470, 473-74 (7th Cir. 2022) (citing *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)).

*Conclusion*

The Court has conducted a *de novo* review and resolved each of Plaintiff's objections. For the foregoing reasons, the Court ADOPTS the report and recommendation, [DE 28], over Plaintiff's objections and in its entirety, and the Commissioner's decision is AFFIRMED.

SO ORDERED.

ENTERED: August 19, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court